# Sykes *versus* The Perry County Mutual Fire Insurance Company.

A policy of insurance against loss by fire, provided that in case of any alteration, &c., to the building insured, notice thereof should be given to the secretary or agent of the insurance company, and that in default, the policy should be void; the insured subsequently erected a steam-engine upon the premises: *Held,* 1. That notice to the agent of the company could not be proved by evidence of conversations with third parties, in which the erection of the steam-engine was spoken of: 2. That knowledge of the fact by the agent did not affect the company with knowledge; though notice to the agent would do so.

ERROR to the Common Pleas of *Perry county.*

This was an action of *assumpsit* by Edwin H. Sykes against The Perry County Mutual Fire Insurance Company, upon a policy of insurance against fire, issued by the defendants on the 25th June 1857, whereby they insured the plaintiff, for the term of five years, against loss or damage by fire, to the extent of $666.66⅔, on a water-power saw-mill, in Perry county.   The following by-law of the company was annexed to the policy and made a part of the contract:—

[Sykes *v.* The Perry County Mutual Fire Insurance Company.]

" V. Whenever any alterations or additions, or change of occupants, or use, (if such a change of occupants shall appropriate the building to a different purpose or business to that carried on in the said building when first insured,) shall be made to any building insured, application must be made to the secretary, or any agent, who shall examine the premises, and certify his opinion whether the hazard be thereby increased or not; and if not increased, the secretary shall enter on the record of the said policy, ' *altered but not endangered;*' but in case the secretary or agent shall judge such alterations or additions, or change of occupants or use, do increase the risk, he shall say how much, and take an additional note for such increased risk; and the secretary shall enter a minute thereof on the record of said policy, and give the insured a certificate thereof. Upon failure to give the notice herein prescribed, the policy or policies shall become and be void, from the commencement of such alterations, additions, change of occupants as aforesaid, or use, and the company shall not be liable for damages for fire in such cases."

The plaintiff subsequently erected a steam-engine on the premises, which was in operation as early as the 20th November 1857, but gave no notice thereof to the company; and on the 9th October 1858, the premises were destroyed by fire.

In order to show knowledge on the part of the defendants' agent, John McKeehan, of the erection of the plaintiff's steam-engine, he relied upon the following testimony :—

*John McKeehan,* the defendants' agent, testified :—" During the time we were fixing the papers, he (the plaintiff) told me he contemplated putting an engine in or at the mill, some time, provided he could get one. I told him that would increase the hazard, and he must give notice. I told Sykes, if he would leave notice at my brother-in-law, David Fair's, I would come up. Fair never told me of any notice from Sykes; he told me, once, he saw a boiler passing, he supposed was going to Sykes's property. I did not know Sykes had an engine up till after the fire."

*William Welch:*—" In the latter part of November 1857, McKeehan came to my place, to renew my policy; I told him I had some idea of putting in an engine in my saw-mill and grist-mill. Then I spoke to him in reference to Mr. Sykes's engine; he said, he had heard he had one, and was going round to see about it; he went from my house down the creek, towards Mr. Sykes's. Sykes's mill is about two miles from my mill. Sykes's engine was in and running at that time."

*David Fair:*—" McKeehan came to my house 25th November 1857; prior to that time, I saw Sykes's hireling hauling a boiler past; I mentioned to McKeehan, they were going to put up a boiler to the saw-mill he had insured; I don't recollect that Sykes told me to tell McKeehan he had put up a boiler; if he had, I

[Sykes *v.* The Perry County Mutual Fire Insurance Company.]

think I would have minded; I never told McKeehan so, I am certain of that."

*J. R. Shuler:*—"I am a director of this company; I have passed by and seen this mill, after the engine was in; I was in the mill; I don't know that I knew it was insured in this company; I might have thought so."

The evidence having been closed, the court below (GRAHAM, P. J.) charged the jury as follows:—

"It is proved, and not controverted, that a steam-engine was attached to this mill, after the insurance was taken, by which the risk was increased; but, to avoid the forfeiture which would be thus incurred, it is alleged, that there is evidence from which you may infer the agent had *notice* of the erection of the engine; and further, that the agent of the company had *knowledge* of the fact which would affect the company, and the company not having declared the policy void, cannot now avoid their liability.

"If there is evidence in the case, from which you could infer, that *notice* of the alteration was given to the agent, this would avoid the forfeiture, and the plaintiff might recover.   The evidence relied on to prove notice, is that of William Welch, who says McKeehan told him, in November 1857, that he had heard Sykes had an engine in his mill, and was going round to see about it. This is denied by McKeehan, who says, he did not know that Sykes had an engine in his mill, till after it was burnt.   But, if you believe Mr. Welch, it would not amount to notice, or evidence from which you would be justified in inferring notice.   If he merely heard by rumour, or in a casual conversation with an unauthorized person, that Sykes had an engine, he was not bound to act upon such information or rumour, and he might disregard it.

"The evidence of David Fair is also relied on, to prove notice to McKeehan.   Fair says, McKeehan came to his house in November 1857, and he told him, he saw Sykes's hireling hauling a boiler past his house, and mentioned to McKeehan, that Sykes was going to put up a boiler to the mill he insured.   This did not amount to notice that a boiler, or engine, was put up, but of an intention to put one up.   Nor is there any evidence that Sykes told Fair to give notice to McKeehan, after the engine was put in. We, therefore, say to you, there is no evidence of *notice* to the agent, such as would relieve Sykes from the forfeiture of his policy, by reason of erecting his steam-engine after the insurance was taken.

"But it is said, that McKeehan had *knowledge* of the erection of this engine, if Mr. Welch is believed, which would affect the company with knowledge; and they, not having acted upon such knowledge by declaring the policy forfeited, cannot now avoid their liability.   If there is evidence to show that the company had knowledge of the erection of this engine, and did not declare

[Sykes *v.* The Perry County Mutual Fire Insurance Company.]

the policy forfeited, it would amount to a waiver, and the plaintiff would be entitled to recover; but the knowledge of the agent would not affect the company with knowledge. Notice to the agent would; but mere knowledge from rumour, or information from a third person, not communicated to the company, would not affect them; and there is strong evidence by the secretary, that they had no knowledge of the erection. It is not made the duty of the agent, to communicate any information he may acquire from rumour, or unauthorized persons, in reference to alterations on insured buildings; and the evidence fails to show that the company knew of the alteration. In the absence of such knowledge, it was not their duty to declare the policy void.

" Under the proof of the addition of the steam-engine by the plaintiff, and that the risk was thereby increased, (if you believe the evidence,) and in the absence of proof of notice to the agent, or knowledge of the company, of such addition to the mill, it is your duty to find for the defendants."

To this charge the plaintiff excepted; and a verdict and judgment having been rendered for the defendants, he removed the cause to this court, and here assigned the same for error.

*B. F. Junkin* and *C. A. Barnett*, for the plaintiff in error.— The agent had notice, at the time of effecting the insurance, of the plaintiff's intention to erect a steam-engine on the premises; it was, therefore, a part of the original contract, not an alteration. And this question ought to have been submitted to the jury. There was abundant evidence from which notice of the erection might have been inferred; and the jury should have been permitted to pass upon it. But if the agent had knowledge of the erection, the company were affected by it. And the rule applies equally to a corporation or to a natural person: *Angell & Ames on Corp.* 299; McEwen *v.* Montgomery County Mutual Ins. Co., 5 *Hill* 101; Trenton Banking Co. *v.* Woodruff, 1 *Green Ch.* 117; Bank *v.* Whitehead, 10 *Watts* 397; 7 *W. & S.* 331; Lawrence *v.* Tucker, 7 *Greenl. R.* 196; 8 *Gill & Johns.* 248; Howard Ins. Co. *v.* Bruner, 11 *Harris* 50; Harrisburg Bank *v.* Tyler, 3 *W. & S.* 373; Spalding *v.* Bank of Susquehanna County, 9 *Barr* 28; Insurance Co. *v.* Slockbower, 2 *Casey* 199.

*H. G. Milans* and *C. J. T. McIntire*, for the defendants in error, cited Hays *v.* Lynn, 7 *Watts* 525; *Angell & Ames on Corp.* 593; 3 *Phill. Ev.* 186, note 182; Haven *v.* Brown, 7 *Greenl. R.* 421; Hubbard *v.* Elmer, 7 *Wend.* 446, 448; Grafton Bank *v.* Woodward, 5 *N. H.* 301, 308–9; Clark *v.* Baker, 2 *Wh.* 340; Hannay *v.* Stewart, 6 *Watts* 487; 1 *Greenl. Ev.* § 200; Salem Bank *v.* Gloucester Bank, 17 *Mass.* 27; Hall *v.* Huse, 10 *Id.* 39; Biddle *v.* Moore, 3 *Barr* 168, 177; Thomas *v.* Thomas, 9 *Harris*

[Sykes *v.* The Perry County Mutual Fire Insurance Company.]

315; 2 *Greenl. Ev.* § 387; Godfrey *v.* Thornton, 77 *Eng. C. L. R.* 888; Cumberland Valley Mutual Protection Co. *v.* Schell, 5 *Casey* 31; Finley *v.* Insurance Co., 6 *Id.* 311; Trask *v.* Insurance Co., 5 *Id.* 198; Barclay *v.* Weaver, 7 *Harris* 396.

The opinion of the court was delivered by

READ, J.—The question in this case, is narrowed down to a single point, whether the notice of a material alteration in the building insured, by the erection of a steam-engine, was given in conformity to the 14th provision of the by-laws attached to, and printed with, the policy, and expressly made a part thereof by the contract of the parties. This by-law, numbered V. in the printed proposals, provides that in such case "application must be made to the secretary, or any agent, who shall examine the premises, and certify his opinion, whether the hazard be thereby increased or not; and if not increased, the secretary shall enter on the record of the said policy, 'altered but not endangered;' but in case the secretary or agent shall judge such alterations, or additions, &c., do increase the risk, he shall say how much, and take an additional note for such increased risk; and the secretary shall enter a minute thereof on the record of said policy. Upon failure to give the notice herein prescribed, the policy or policies shall become and be void, from the commencement of such alterations, &c., and the company shall not be liable for damages for fire in such cases."

It is not pretended, that any notice in the form thus prescribed was given to the secretary, or to the company, nor even to any agent. It is not said, that any direct notice of any kind, was given to the agent, but it was asked that, from casual conversations of third persons with the agent, notice to him is to be inferred. No such inference could be drawn from the evidence as stated; and the court were therefore correct in saying so to the jury.

If there was no evidence of notice to the agent, there was clearly none to the company, for it is not alleged that it came in any other way than through him. For these reasons, in addition to those assigned by the learned judge in the court below, the judgment is affirmed.

Judgment affirmed.